[No. 1549, July 31, 1913.]

FRANK L. WALRATH, Appellant, v. BOARD OF COUNTY COMMISSIONERS OF VALENCIA COUNTY, et als., Appellees.

SYLLABUS (BY THE COURT)

1. Where a county has contracted with a party to construct a court house and jail, and a tax payer seeks to enjoin the board of county commissioners from paying said

contractor for work and labor performed, and to be performed, under said contract, the contractor is an indispensable party to the suit, and where such contractor was not made a party, the court properly dismissed the petition.

P. 107

Appeal from the District Court of Valencia County; Merritt C. Mechem, District Judge; affirmed.

NEILL B. FIELD, Albuquerque, N. M., for appellant.

Act of 1909 is a local and specific law regulating county affairs. Laws of 1903, p. 134; laws 1905, p. 4; laws 1909, p. 38; 24 Stat. L. 170; ibid., sec. 7; 25 State. L. 336; Territory v. Gutierrez, 12 N. M. 272; Territory v. Beaven, 15 N. M. 361; laws 1909, p. 214; Edmunds v. Herbrandson, 14 L. R. A. 725; Henderson v. Koenig, 57 L. R. A. 659; State ex rel. Atty. Gen. v. Sayre, 4 A. & E. Ann. Cas. 656 and note 659; Harwood v. Wentworth, 162 U. S. 564.

Co. Commrs. could not, under general powers, use funds to build court house and jail. C. L. 1897, sec. 664, par. 1, 3 and 5; C. L. 1897, secs. 349-363; Session Laws 1897, chap. 42; laws 1899, p. 191; Raleigh, etc., R. R. Co. v. Reid, 13 Wal. 269; Walla Walla v. Walla Walla Water Co., 172 U. S. 22; Kepner v. U. S. 195 U. S. 125 .

Act of 1905 is inconsistent with Constitutional provisions and therefore not continued in force. Const., art. IX, sec. 9; sec. 10; art. XXI, sec. 3; art. XXII, sec. 4; sec. 12; Com. ex rel. Hamilton v. Select and Common Councils of Pittsburgh, 34 Pa. St. 311; Const., art. XXI, sec. 3; Laughlin v. County Commrs., 3 N. M. 420; Catron v. Co. Commrs., 5 N. M. 203; Crampton v. Zanriskie, 101 U. S. 601; Scipio v. Wright, 101 U. S. 665; Legal Tender Case, 110 U. S. 444; Comanche County v. Lewis, 133 U. S. 198.

H. M. DOUGHERTY, Socorro, and A. B. McMILLEN, Albuquerque, N. M., for appellees.

Facts show over $30,000 in Court House fund and County Commrs. were proceeding lawfully. Territory v. Gutierrez, 12 N. M. 254; Laramie County v. Albany County, et al., 92 U. S. 308; Cooley· on Const., 2nd ed., 192; Windham v. Portland, 4 Mass. 389; 3 N. H. 534; Powers v. Commrs. of Wood County, 8 Ohio St. 290; Shelby County v. Railroad, 5 Bush 228; Olney v. Harvery, 50 Ill. 455; Mt. Pleasant v. Beckwith, 100 U. S. 514; Savings & Loan Association v. Alturas County, 65 Fed. 677; C. L. 1897, sec. 664, par. 1, 3 and 5.

Duty of the Court to sustain legislative action unless clearly satisfied of its invalidity. Cooley Const. Lim., 4th ed., p. 220; Baca v. Perez, 8 N. M. 187.

Duty of Court to deny relief because Campbell Bros. not made parties. Minnesota v. Northern Security Co., 184 U. S. 235.

Co. Commrs. could use fund. Session laws 1905 and 1907.

## OPINION OF THE COURT.

ROBERTS, C. J.—This is an action by Frank L. Walrath against the board of county commissioners of Valencia County, and the individual members of the board, to restrain them from carrying into execution a contract for the construction of a court house and jail at the county seat of said county. The pleadings show that a contract had been entered into between the board of county commissioners and Campbell Brothers, by which the latter were to construct and complete the court house and jail, in accordance with plans and specifications, and that the contractors· had begun work under said contract and had expended large sums of money thereon for labor and material. Campbell Brothers, although within the jurisdiction of the court, were not made parties to the suit. The petition was filed to test the validity of an act of the legislative assembly of the Territory, approved March 8, 1909, and being chapter 19, S. L. 1909, whereby the legislature attempted to confer upon the County of Valencia authority to use the proceeds of bonds received by it from the County of Torrance, for the purpose of constructing a

court house and jail. Appellees filed an answer to the merits, upon the incoming of which appellant filed a motion for judgment on the pleadings. His motion was overruled by the court, and he elected to stand upon the motion and demanded judgment upon the pleadings. The court found that the appellant was not entitled to the relief prayed for in his complaint and dismissed the same. From such judgment this appeal was taken. For a reversal of the judgment appellant relies upon four propositions, viz:

"1.   That the act in question is a local and special law in contravention of the Act of Congress commonly called the Springer Act.

"2.   That the legislature havaing prescribed a method by w hich the funds for the erection of court house and pail might be raised in any county, that method is exculsive.

"3.   That the act is inconsistent with certain provisions of the State Constitution, and was not continued in force by the schedule of that instrument.

"4.   That the contract in question created an indebtedness of the County of Valencia which, together with the existing indebtedness of the County, exceeded four per centum upon the assessed valuation of the taxable property of the County, in violation of the restrictions of the so-called Springer Act."

But whatever may be the views of the court on the questions stated, if the court below rightfully refused the injunction, we can do nothing more than affirm the decision.

Appellees argue that the contractors, Campbell Brothers, were necessary and indispensable parties to the suit, and, if this be true, then this court would be warranted in assuming that the judgment of the trial court dismissing the complaint was rendered because no other judgment could have been rendered in the absence of a necessary and indispensable party to the suit. Jeffries-Basom v. Nation, 63 Kansas 247.

The question then to be determined is whether the contractors were necessary and indispensable parties to the

suit. The rule is stated as follows, in Story's Equity Pleadings, sec. 72—

"It is the constant aim of Courts of Equity to do complete justice, by deciding upon and settling the rights of all persons interested in the subject matter of the suit, so that the performance of the decree of the court may be perfectly safe to those who are compelled to obey it, and also, that future litigation may be prevented. Hence, the common expression, that Courts of Equity delight to do justice and not by halves. And hence, also, it is a general rule in Equity, that all persons materially interested, either legally or beneficially, in the subject matter of the suit, are to be made parties to it, either as plaintiffs or defendants, however numerous they may be, so that there may be a complete decree, which shall bind them all. By this means the court is enabled to make a complete decree between the parties, to prevent future litigation by taking away the necessity of a multiplicity of suits, and to make it perfectly certain, that no injustice is done, either to the parties before it, or to others who are interested in the subject matter."

It must be apparent that Campbell Brothers, the contractors, were interested in the subject matter of the present action, for, had appellant succeeded the board of county commissioners would have been perpetually enjoined from paying them for the construction of the court house and jail. Their rights to receive compensation, under the contract, would have been determined, in a proceeding to which they were not a party. It is true they would not be bound by the judgment, and could have relitigated the very questions before the court in this case, but that fact is, under the rule stated by Story, but an additional argument in support of the necessity of making them parties to the suit. It would, indeed, present an anomalous situation, should the appellant have prevailed in the present case, and the judgment have become final, and thereafter the contractors had instituted suit and recovered against the county, and, by mandamus should attempt to force the commissioners to pay the contract price, in face of the

restraining order. The very statement shows the necessity of making the contractors parties to the suit.

"One of the most essential prerequisites for a final injunction is that all persons interested in the subject matter and result should be made parties. (See Wiser v. Blackly, 1 John Ch. R. 438) Chancellor Kent observed: 'You must have before the court all whose interests the decree may touch, because they are concerned to resist the demand, prevent the fund from being exhausted by collusion.' The rule is so obviously proper that it needs no comment, nor to be supported by authority." State of Kansas v. Anderson, 5 Kansas 90.

The case cited supra was a suit to enjoin the treasurer of state from paying over the proceeds of the sale of 500,-000 acres of land granted to several railroad companies by the act of 1866, and it was there held that the railroad companies were proper and necessary parties.

In the case of Van Husan v. Heames, 96 Mich. 509, it was held that the contractor was a necessary party to a bill filed by tax payers against the president, clerk, treasurer and trustees of a village, to restrain the payment of moneys under a contract entered into by the village council for furnishing a water supply.

In the case of King v. Commissioners Court, 10 Texas Civil App. R. 114, it was held that where a county has contracted with a bridge company to issue and deliver county bonds and warrants in payment for a public bridge, and tax payers seek to enjoin the issue of the bonds, the bridge company is a necessary party to the action.

For cases of similar import, see Hutchinson v. Burr, 12 Cal. 103; Butcher v. City of Camden, 29 N. J. Eq. 478; Graham v. City of Minneapolis, 40 Minn. 436; Lussen v Sanitary District, 192 Ill. 404; Benson v. Mayor, etc., of Albany, 24 Barb. 248; City of Anthony v. State, 49 Kansas 246; Privet v. Stevens, 26 Kansas 528; Shields v. Barrow, 17 How. 130; Consolidated Water Co. v. Babcock, 76 Fed. 243; Consolidated Water Co. v. City of San Diego, 84 Fed. 369; Kircher v. Pederson, 117 Wis. 68.

In the last cited case the Court say: "Indispensable

parties, it was said, are those persons having a property interest in the controversy that will be directly affected by the decree or the enforcement thereof."

From a review of the authorities it will be seen that the contractors were indispensable parties to this action, and it is well settled, by the adjudicated cases that the Court will take notice of the absence of indispensable parties, when such fact is made to appear, though not raised by the pleading or suggested by counsel, and will dismiss the plaintiff's bill, when to grant the relief prayed would injuriously affect persons materially interested in the subject matter and not made parties. Minnesota v. Northern Security Co., 184 U. S. 235; King v. Commissioners Court, supra.

It follows that the judgment must be affirmed, and it is so ordered.