(87 South. 353)

**WHITEMAN v. TABER.** (3 Div. 487.)

(Supreme Court of Alabama. Feb. 10, 1921.)

1. **Mortgages** ⬿594(1) — **Assignee may redeem, notwithstanding mortgagor's agreement to assign to another, which was either breached or abandoned.**

The purchaser at mortgage sale may not object to redemption by the mortgagor's assignee of the right of redemption, notwithstanding an executory and conditional agreement between the mortgagor and another for assignment of the right to him, either breached or mutually abandoned by the parties; no such assignment being made.

2. **Mortgages** ⬿594(1)—**Contention that assignment of right of redemption was fictitious unsupported.**

Within the rule that equity will not allow the prosecution of claims, which by simulation merely have been assigned to evade equitable defenses assertable against the assignor, held, that contention that assignment of right of redemption from mortgage foreclosure was fictitious was unsupported by the record.

3. **Parties** ⬿6(2)—**"Real party in interest" is the owner of right sought to be enforced.**

The "real party in interest," within the rule that only such party can maintain a suit, is the owner of the right sought to be enforced; and it is immaterial that complainant, if such owner, intends to voluntarily surrender the fruits of the suit to another.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Real Party in Interest.]

4. **Mortgages** ⬿594(1)—**Assignee of right of redemption may redeem, though intending to surrender its fruits to mortgagor.**

The assignee of the right of redemption may maintain suit for redemption, though she intends to voluntarily surrender the fruits thereof to the mortgagor, her sister; there being no fraud in this.

5. **Mortgages** ⬿601—**Purchaser at foreclosure properly charged with crops removed by him after he should have surrendered to person having right to redeem.**

Purchaser at mortgage sale, in suit to enforce right to redeem wherein, under Code 1907, § 5751, it is the court's duty to settle and adjust all the rights and equities of the parties, is properly charged with the value of crops which he removed after he should have surrendered possession to complainant.

6. **Mortgages** ⬿605—**To keep redemption tender good, identical money need not be retained in specie.**

Tender by person having right to redeem from mortgage foreclosure was kept good, though the money belonged to another and was furnished by him to complainant under an agreement, it having thereunder been kept ready and available for such use till it was paid into court on the filing of the bill, and though between the time of tender and such payment it was deposited in bank; it not being necessary that the identical money be retained in specie.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by Mary G. Taber against John S. Whiteman, to redeem certain property from a mortgage foreclosure sale, and to settle and adjust all the rights and equities between the parties. Decree for complainant, and respondent appeals. Affirmed.

For the facts in this case, as well as the pleadings, see former report in 203 Ala. 496, 83 South. 595.

Ball & Beckwith, of Montgomery, for appellant.

Complainant was without right to redeem, being the assignee of the assignee. Section 5746, Code 1907; 189 Ala. 204, 66 South. 149; 199 Ala. 1, 73 South. 981. She had no right to redeem, for the further reason that the assignment to her was simulated and fictitious. 115 Ala. 429, 22 South. 147. She is not entitled to redeem, for the further reason that she is a mere figurehead, and Mittie A. Whiteman is the sole beneficiary. Anthorities supra, and 40 Ala. 225; 73 Ala. 111; 97 Ala. 462, 11 South. 840; 17 Ala. 557, 52 Am. Dec. 185; 34 Ala. 394, 73 Am. Dec. 457; 7 Ala. 362; 21 C. J. 304. Counsel discuss other assignments, but without further citation of authority.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

The equities of the case were fully determined on the former appeal. 203 Ala. 496, 83 South. 595; 144 La. 377, 80 South. 595. Complainant had a right to redeem, even though she were the assignee of an assignee. 201 Ala. 591, 79 South. 13; 204 Ala. 329, 85 South. 742. Mrs. Taber was the proper party complainant. 203 Ala. 496, 83 South. 595,

---

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and authorities cited by appellant. In decreeing relief, the court made every allowance favorable to the appellant.

SOMMERVILLE, J. The equity of this bill was settled on a former appeal, and against the main contentions of appellant here. Whiteman v. Taber, 203 Ala. 496, 83 South. 595. We see no reason now to change or amplify what we said and held on that appeal.

[1] It is insisted that complainant is the assignee of an assignee of the statutory right of redemption here asserted, and is therefore not entitled to exercise the° right. As a matter of fact, Mrs. Whiteman never actually assigned the right in question to Baker, and if she breached, or if she and Baker mutually abandoned an executory and conditional agreement in that behalf, it was clearly no concern of respondent's. Mrs. Whiteman assigned her right to complainant, and not to Dr. Baker.

[2] It is further insisted that the assignment was fictitious and fraudulent, and that therefore a court of equity will not allow the assignee to prosecute this suit. This contention does not find support in the record. It is of course the law, as held in Nicrosi v. Calera Land Co., 115 Ala. 429, 22 South. 147, that a court of equity will not allow the prosecution of claims which by simulation merely have been assigned for the purpose of evading equitable defenses which could have been asserted against the assignor. Such is not the case here.

[3] Appellant invokes the rule, also, that only the real party in interest can maintain a suit. But in a suit like this the "real party in interest" is the person who owns the right which is sought to be enforced. The fact, if it be a fact, that this complainant intends to surrender its fruits to her sister, the mortgagor, at some future time, though she is under no legal obligation to do so, is not of legal significance. This question, however, seems to have been settled adversely to appellant's contention on the former appeal.

[4] If all that appellant charges in this respect should be conceded, it would not show nor tend to show any fraud in the premises. The sole object of the statute in giving this right of redemption was to afford protection to those whose rights would otherwise be cut off and lost by a foreclosure, and of course to prevent purchasers like appellant from acquiring forthwith an indefeasible title for a substantially inadequate price. Certainly the prosecution of this suit for the purpose charged is in accord with the policy of the statute.

[5] We fully concur in the finding of the trial court that appellant was properly chargeable with the value of the crops removed after he should have surrendered possession of the place to appellee. The report of the referees shows that they allowed, and included in their finding, as a part of the aggregate sum required for redemption, $300 for the value of these growing crops. Obviously appellant could not rightfully keep the money thus allowed and applied, and at the same time take and use the crops. It was within the power and it was the duty of the trial court to "settle and adjust all the rights and equities of the parties." Code, § 5751. Giving due weight to all the testimony relative to the rental value of the place, for which appellant was chargeable, we are unable to say that the finding of the trial court was erroneous or excessive.

[6] The point is made by appellant that the tender upon which complainant relies was not kept good at all times between the date of the tender and the payment of the money into court, in that the money belonged to Dr. Baker and was returned to him after the tender, and deposited by him in a bank to his own credit. It appears, however, that the money was furnished by Dr. Baker to the complainant under an agreement with her, and under that agreement it was kept ready and available for the use stipulated until it was paid into court upon the filing of the bill. This is all that is necessary in such cases, and the identical money tendered need not be retained in specie.

We find no error in the record, and we think that the judgment should be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.