VERDIER, APPELLEE, *v.* THE MARSHALLVILLE EQUITY CO., APPELLANT; THE PAUL REVERE FIRE INS. CO., APPELLEE.

(No. 1056—Decided May 24, 1940.)

*Messrs. Finkle, McChesney & Sanderson,* for appellees.

*Mr. Dean H. Weimer* and *Mr. Adrian W. Miller,* for appellant.

WASHBURN, P. J. This action arose out of a collision between two motor vehicles which at the time were being operated on a public highway in Wayne county, Ohio.

The plaintiff, Kenneth Verdier, charged the defendant The Marshallville Equity Company, which was the only defendant at that time, with negligence in the operation of its motor vehicle which proximately caused damage to his automobile in the sum of $350.

The defendant specifically denied the allegations of the petition, and further pleaded negligence on the part of the plaintiff which proximately caused the accident. Upon submission of the case to a jury, a ver-

dict was returned for the plaintiff in the amount of $286, and a judgment was entered thereon.

The plaintiff testified on his own behalf in his case in chief. On cross-examination, he was asked by counsel for the defendant whether he carried collision insurance on his car. Plaintiff's counsel objected to the question. Thereupon, in the absence of the jury, it was stated by counsel for the plaintiff that the said plaintiff carried a $50-deductible collision policy with The Paul Revere Fire Insurance Company (upon his automobile), and that the said insurance company had paid all but $50 of a $271.32 repair bill and had taken a subrogation agreement for the amount of $221.32.

The defendant then moved the court to dismiss the case on the ground of a lack of a necessary and proper party plaintiff, viz., The Paul Revere Fire Insurance Company. The motion was overruled. The defendant then moved the court for an order to make the said The Paul Revere Fire Insurance Company a party to the court proceedings. The court reserved a ruling on this motion until a later time. The plaintiff then rested his case.

Thereafter, during the presentation of the defendant's evidence, the court ruled that the insurance company "may be made a party to this cause," but did not specifically order that it be made such a party. Counsel for the plaintiff, who also were counsel for the insurance company, then asked leave of court to enter the appearance of their client the insurance company, and to file an answer and cross-petition on its behalf. This motion the court granted. The defendant thereupon excepted to the court's ruling in not requiring the insurance company to be made a party before the final submission of the case to the jury. Evidence upon behalf of the defendant was then continued, and, upon conclusion, the defendant rested.

Whereupon counsel for the plaintiff requested that the record show that leave to plead had been extended to The Paul Revere Fire Insurance Company until *after the rendition of the verdict.* The defendant thereupon excepted to the court's ruling in this respect.

The defendant then moved the court for an order requiring that the captions of the petition, the answer, and the other pleadings, ''be amended to show all of the parties to this cause as required by the granting of the motion of the defendant, that The Paul Revere Fire Insurance Company be made a party in this action.'' The court denied this motion. The defendant excepted to this ruling and again moved the court to continue the case until the insurance company had been made a party and ''filed either an answer and cross-petition or until the petition had been amended to show that the said Paul Revere Fire Insurance Company has been made a party plaintiff and its claims set forth.'' The defendant further moved that the case not be submitted to the jury until this had been done. These motions were overruled by the court.

The case was submitted to the jury without any reference to any interest of the insurance company in the action, *and without any pleading showing the claims of the insurance company.* The jury returned a verdict in the amount of $286. The insurance company then, following the rendition of the verdict, filed an answer and cross-petition, which admitted all of the allegations of the plaintiff's petition and alleged its said payment to the plaintiff, and prayed that it be subrogated in the amount of $221.32 out of the plaintiff's verdict of $286.

The fact of such payment or of a claim of such payment was unknown to the jury, and no information whatsoever in reference thereto was permitted to be

given to the jury, and the jury had no knowledge what-soever as to the nature of any claims of the insurance company.

The trial court overruled the defendant's motion for a new trial and rendered a judgment for the plaintiff, Verdier, in the amount of $286 and interest. The court further found that the insurance company had paid Verdier $221.32, and "subrogated" it to that amount of the judgment.

From that judgment, the defendant has appealed to this court on questions of law.

The claim is that the insurance company, being a part owner of the indivisible chose in action upon which recovery was sought, should have been made a party plaintiff in the action when demanded by the defendant before verdict; that when such part owner-ship was claimed in court, but, in the absence of the jury, and the defendant demanded that the insurance company be made a party, said insurance company be-came a necessary party under the statutes of Ohio.

The record discloses that the insurance company, whose attorneys also represented the plaintiff, had or claimed some kind of an interest which it hoped would be protected in the action.

What was the nature of that interest? Was it an equitable interest which was for the court to determine after verdict, or was it a legal interest which, if set forth in a pleading, might give rise to issues triable by the jury?

When the matter came up, the plaintiff admitted that the insurance company had paid him a certain amount, which was a part of his loss, and that the insurance company "took a subrogation *agreement* from" him. (Italics ours.)

That statement did not disclose whether the right

of the insurance company was an equitable or a legal right.

The trial court seems to have assumed that the right claimed was only equitable and could be plead and properly determined by the court after verdict, and that it was no concern of the defendant during trial.

When, under the rules of equity, one person is substituted for another as a creditor, he is subrogated to all of such other's rights as creditor; that is, he succeeds to such rights and can exercise them the same, but only the same, as could the person from whom they came; his rights are not granted to him by the subrogor and do not arise by agreement of the parties, but are created by equity in order to do justice. where the law failed to do so.

If a right arises by agreement of the parties, we look to that agreement to find out whether it is a legal or an equitable right. An assignment of an interest in a chose in action, triable by a jury, passes a legal interest to the assignee.

It is our view that, when the defendant insisted that the insurance company be required to file a pleading during the trial setting forth facts from which the character of the insurance company's claim could be determined, it should have been granted.

But however that may be, we are of the opinion that even if the insurance company acquired its interest by equitable subrogation, it had a substantive interest in the claim against the defendant, and, under the statutes of Ohio, was united in interest with the plaintiff in a single and indivisible claim against the defendant.

At common law, the insurance company, even if it acquired the whole of a cause of action by equitable subrogation, could have brought suit on the chose in

action only in the name of the plaintiff from whom that interest had been acquired; but that ceased to be the law in Ohio when the Legislature enacted what is now Section 11241, General Code, requiring an action to be brought in the name of the real party in interest.

At the time that the said section was enacted, the Legislature also enacted what is now Section 11254, General Code, which permitted all persons having an interest in the subject of the action and in obtaining the relief demanded to join as plaintiffs. Thereafter an insurance company in the position of the instant insurance company could join with the plaintiff in bringing a suit on said chose in action.

Since the enactment of said section, the courts of Ohio have never denied that right to an insurance company; on the contrary, that right has been frequently exercised, as was done in *Northwestern Ohio Natural Gas Co.* v. *First Congregational Church,* 126 Ohio St., 140, 184 N. E., 512.

If the plaintiff refused to permit the insurance company to join with the plaintiff in the suit, it was the duty of the insurance company to intervene and be made a party defendant, and seek judgment against the only real defendant. *L. E. & W. Rd. Co.* v. *Falk,* 62 Ohio St., 297, 56 N. E., 1020.

"While in the above case the insurance company was nominally a defendant, yet it was to all intents and purposes a coplaintiff." *Clark, Exr.,* v. *McClain Fire Brick Co.,* 100 Ohio St., 110, at p. 118, 125 N. E., 877.

The rights so far referred to are permissive rights and establish the proposition that the insurance company was at least a *proper* party.

In the instant case, the insurance company refused to exercise such rights *until after verdict,* and then it entered the suit for the sole purpose of establishing a

lien on the judgment, and not in any sense as a participating party in the litigation to recover the judgment.

To remedy such a situation, and confer upon the party sued the right to have before the court during the trial the parties suing him, the Legislature, when it made the changes in the common law hereinbefore mentioned, enacted what is now Section 11256, General Code, the provisions of which form the basis for the claim made that the court in the instant case erred when it refused to accord to the defendant the right to have the insurance company made a participating party in the litigation before verdict.

The Legislature provided in Section 11256, General Code, that "Parties who are united in interest *must* be joined, as plaintiffs or defendants. If the consent of one who should be joined as plaintiff can not be obtained, * * * he may be made a defendant." (Italics ours.) This section relates to persons "united in interest" and is mandatory, and "applies with equal force at all stages of a litigation." *Columbia Graphophone Co.* v. *Slawson,* 100 Ohio St., 473, 126 N. E., 890. And see *Young* v. *Meyers, Jr., Exr.,* 124 Ohio St., 448, 179 N. E., 358; *Clark, Exr.,* v. *McClain Fire Brick Co., supra.*

According to the record in the instant case, the insurance company, before the suit was begun, became a part owner of a chose in action against the claimed wrongdoer, the defendant. Thereafter, the insurance company and the plaintiff each had a substantive interest in the claim against the defendant. *Newcomb* v. *Cincinnati Ins. Co.,* 22 Ohio St., 382, 10 Am. Rep., 746.

The insurance company was then a part owner of a chose in action, indivisible in case of objection by the defendant, and the suit was on that chose in action.

The insurance company, being a part owner of the

chose in action, was a party "united in interest" with the plaintiff, and was interested in obtaining the relief demanded; and said statute (Section 11256, General Code) being mandatory, the defendant had a right, when it appeared during the trial that a part owner of the chose in action at the time suit was begun was not a party, to either have such part owner made a party or have the case dismissed for want of necessary parties.

Even in a subrogation in equity, "when one is substituted to the rights of a creditor, it is to the end that a liability may be *alleged* and *adjudged* against him upon whom it should ultimately rest, *and in favor of another* by whom it has been discharged in the performance of any legal obligation." (Italics ours.) *L. E. & W. Rd. Co.* v. *Falk, supra,* at p. 305.

In the instant case the insurance company was represented by the attorneys for plaintiff and could have been quickly and easily made a litigating party, and the defendant had a right to have the record show the parties and all of the parties who were unitedly interested in obtaining the judgment sought, and the right to have all such parties set forth in appropriate pleadings their respective claims before the submission of the case to the jury.

The record plainly discloses that the attorneys for the insurance company, owner of more than three-fourths of an indivisible chose in action against the defendant, and attorneys also for plaintiff, the owner of the balance of the chose in action, brought this action in the name of plaintiff alone, not disclosing the interest of the insurance company therein; that during the trial when the true situation was brought to the attention of the trial judge in the absence of the jury, the defendant demanded that the suit be dismissed or that the insurance company join the plain-

tiff in the prosecution of the action; that the insurance company refused to join as plaintiff, and the court refused to dismiss the action or require the insurance company to join, as plaintiff; that the insurance company during the trial obtained leave to file an answer and cross-petition *after* the verdict, setting forth its interest in the judgment to be rendered on said verdict; that while the court announced during the trial that the insurance company was made a party, the court repeatedly refused to require the insurance company to file any pleading setting forth its interest or claims until *after* verdict, and permitted the insurance company to keep from the jury any knowledge of its interest in the litigation or of its claims, for the reason, as stated by the court in the absence of the jury, "that it has been the theory of the court not to divulge the insurance company that might be defending a case on a matter of contract with a defendant, and the court feels it is only justice to protect an insurance company that has paid a partial subrogation in order that no prejudice might be *set forth before the jury*." (Italics ours.)

A further reason given by the court was that if the insurance company has "any claims or rights in this case whatsoever or if they have not, that will be determined later on by the *court* when they have had an opportunity *to come into court*." (Italics ours.)

Thereafter the cause was argued by the attorneys, and the charge of the court was given to the jury; and in the charge the insurance company was not mentioned, nor treated as a party to the suit.

It thus conclusively appears that, notwithstanding the timely objection of the defendant, the action was prosecuted to judgment by the owner of a one-fourth interest in the cause of action, although such owner admitted that three-fourths thereof was owned by an-

other, whose identity he refused to disclose to the jury.

Where a party claims an interest in a chose in action upon which suit has been brought by another party, the defendant is ordinarily entitled to have such claiming party set forth his claims in a pleading and to have an opportunity to answer said claims and to have a trial of the same. The defendant may have claims or rights available if he is sued by one party and not available if he is sued by another party, and therefore the defendant ordinarily has a right to have the suit prosecuted in the name of the real party in interest.

A majority of the court hold that the insurance company was a necessary party when demanded by defendant, and that the action of the court in the instant case in denying defendant the right to have the insurance company made a party of record and to have it file a pleading setting forth its claims before the submission of the case to the jury was a denial of a substantial right, prejudicial as a matter of law.

For such error the judgment is reversed and the cause remanded.

*Judgment reversed.*

DOYLE, J., concurs.

STEVENS, J., dissenting. I dissent from the conclusion of the majority of this court. The conclusion announced by the majority is predicated upon the assertion that the original defendant herein was denied a substantive right when the trial court refused to order the subrogee-insurer to be made a party plaintiff or defendant before the return of the verdict of the jury. For that reason a reversal of the judgment obtained by plaintiff is ordered.

I do not think that the record in this case is suscep-

tible of the construction placed upon it by my associates, for I am of the opinion that the insurance company-subrogee became a party defendant to this action long prior to the return of the verdict by the jury.

The question presented deals with the time when the insurance company-subrogee became a party to the action, and what steps were necessary to be taken to make it such a party.

The bill of exceptions, which is a part of the record in this appeal on questions of law, shows that as soon as opportunity was afforded to counsel for the defendant to cross-examine the plaintiff, plaintiff was asked, "Did you have collision insurance on the car?" Objection was interposed to that question and sustained by the trial court. Then, in the absence of the jury, a stipulation was dictated into the record by counsel for plaintiff, wherein it was admitted that plaintiff had $50-deductible collision insurance upon his car with The Paul Revere Fire Insurance Company; that the repair bill on his car was $271.32; and that the insurance company had paid to plaintiff $221.32, and thereupon took a subrogation agreement from him; further, that the insurance company was represented by counsel for plaintiff.

Counsel for defendant then moved the court to dismiss the action because the proper and necessary parties were not before the court and had not been joined as parties plaintiff.

That motion was overruled, and properly so, because the insurance company could not be required, under the provisions of Section 11256, General Code, to come into the action as a party plaintiff against its wishes.

Counsel for defendant then moved that The Paul Revere Fire Insurance Company be made a party to

the proceedings. The record discloses the following:

"Mr. Weimer: By *agreement,* the court will reserve ruling on above motion until tomorrow." (Italics ours.)

(It may be here stated that counsel for defendant requested certain amendments to the bill of exceptions, but nothing appears in the record to show that the amendments were allowed by the court.)

In the face of the foregoing agreement by counsel for defendant, nothing prejudicial to the defendant's rights occurred in reserving until the following morning the ruling on defendant's motion to make the insurance company a party to the proceedings.

The next morning—April 26—immediately upon court convening, the record discloses the following:

"The Court: Motion of the defendant was called to my attention, and the court allows the motion, and the said Paul Revere Fire Insurance Company may be made a party to this cause.

"Exception.

"Mr. McChesney: *At this time* I ask leave on behalf of the Paul Revere Fire Insurance Company, *as its counsel,* to enter its appearance and file an answer and cross-petition.

"The Court: The court will grant leave to file final answer and cross-petition.

"Mr. Miller: Exception to the leave granted to file answer and cross-petition." (Italics ours.)

For aught that appears in this record, the foregoing colloquy took place in the presence of the jury.

Did The Paul Revere Fire Insurance Company, through the oral motion addressed by its counsel to the court that it be permitted to enter its appearance and file an answer and cross-petition, become a party to the action when the court orally granted that motion, or was it necessary that the insurance company

file some pleading or that the court place some order on its journal before the company became a party to the action?

"Appearance" is defined as "coming into court as party to a suit, whether plaintiff or defendant." 3 Ohio Jurisprudence, Appearance, Section 1.

Appearance has been said to be the equivalent of service; and the following has been stated as the test of a general appearance:

"The general test of a general appearance is that. some act must be done, or step taken, by the person not legally notified, before the board or tribunal, which calls upon it to examine, however slightly, into the merits of the controversy before it, before there can be said to be even a constructive submission to its jurisdiction. The act or step referred to may be the filing of certain papers in the cause, the invoking of some action by the court, or the submission of some right for adjudication." *Ibid.*, Section 5.

"A motion or petition for leave to answer constitutes a general appearance * * *." *Ibid.*, Section 10.

"An appearance can usually be formally or expressly effected by filing with the clerk a written direction or praecipe to enter the appearance of the party, by formal record entry, *oral announcement in open court* * * *." (Italics ours.) 6 Corpus Juris Secundum,. Appearances, Section 12*a*.

When counsel acting for the insurance company addressed, during trial, an oral motion to the court asking leave to enter the appearance of the insurance company and to file an answer and cross-petition in its behalf, and the court expressly or by necessary implication granted that oral motion, the insurance company instanter became a party defendant to that action, just as thoroughly as though summons had been

served upon it. The mere making of the motion by the insurance company for leave to answer was sufficient to vest the court with jurisdiction over it and constitute its appearance as a party defendant. *Brundage* v. *Biggs,* 25 Ohio St., 652, approved in *Long* v. *Newhouse,* 57 Ohio St., 348, at p. 370, 49 N. E., 79.

Nothing further with reference to this question occurred during the trial until all of the evidence was in and both parties had rested. Then the following occurred:

"(Discussion off the record.)

"Mr. McChesney: Let the record show that leave to plead by The Paul Revere Fire Insurance Company has been extended until after the verdict is rendered.

"Mr. Miller: Exception, and want the record to show that the court has stated that the original pleadings in the case do not need to show and cannot show that The Paul Revere Fire Insurance Company is a party to this case. The defendant by its counsel requests the court to require that the petition and answer and the caption therein be amended to show all the parties to this cause, as required by the granting of the motion of the defendant that The Paul Revere Fire Insurance Company be made a party in this action.

"Thereupon, after the usual admonition to the jury, a recess was taken.

"The Court: Well the original papers, I cannot order that they be changed because I simply sustained the motion that they were made a party defendant, and he asked leave to file an answer and cross-petition. If they have any claims or rights in this case whatsoever or if they have not, that will be determined later on by the court when they have had an opportunity to come into court.

"Exception.

"Mr. Weimer: Now comes the defendant and moves the court to continue the case until The Paul Revere Fire Insurance Company has been made a party and filed either an answer and cross-petition or until the petition has been amended to show the said Paul Revere Fire Insurance Company has been made a party plaintiff and its claims set forth before the submission of the cause to the jury.

"The Court: Overruled, for the reason that the only reason that has been presented by the defendant is on a matter of partial payment of The Paul Revere Fire Insurance Company and the subrogation of the amount paid, which matter can be taken up by the court in the event of a verdict by the jury. And if the said Paul Revere Fire Insurance Company does not make any claim after being made a party to this case, they would waive any claim they had by way of subrogation to any amount which the plaintiff might recover in this case by verdict of the jury. And the court is also doing it on this theory, that it has been the theory of the court not to divulge the insurance company that might be defending a case on a matter of contract with a defendant, and the court feels it is only justice to protect an insurance company that has paid a partial subrogation in order that no prejudice might be set forth before the jury. It should be applicable the same to a plaintiff as it is to a defendant. That is what the court believes. The court also will say that it cannot see where it would be in anywise the furthering of justice in this case to continue this case after both sides have rested and the only matter for consideration would be a matter of partial subrogation.

"Exception.

"Mr. Miller: Now comes the defendant by its counsel and moves the court to direct a verdict for the defendant, on the grounds that the plaintiff has not es-

tablished the essential elements of his case so as to entitle him to recover, and that his own testimony has raised a presumption of contributory negligence, which he has not rebutted.

"The Court: Overrule that because it is for the jury to weigh that evidence.

"Exception."

Section 11363, General Code, provides:

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or *proceeding*, by adding or striking out the name of any party * * *." (Italics ours.)

If I am correct in the conclusion that the insurance company was a party defendant to this action even before it filed its answer and cross-petition, then the question of the time when the answer and cross-petition should be filed, and also the question as to whether or not the original pleadings filed should be amended so as to show that the insurance company had been made a party defendant, both narrow themselves into one of abuse of discretion by the trial court in failing to order the insurance company to file its answer and cross-petition before submission of the case to the jury.

I am unwilling, under the circumstances herein disclosed, to say that the trial court abused its discretion. I think the court had ample statutory justification under the provisions of Section 11363, General Code, *supra,* for doing just what it did.

Likewise, I am of the opinion that, if any error intervened in the trial of this case, which from a reading of the record I fail to perceive, then such error was not of a prejudicial character, warranting a reversal of this judgment.

I am of the opinion that the judgment should be affirmed.