310 P.2d 1045

**O. W. SELLMAN, Appellant,**

v.

**Dewey W. HADDOCK, Appellee.**

No. 6122.

Supreme Court of New Mexico.

May 6, 1957.

Garland & Sanders, James T. Martin, Jr., Las Cruces, for appellant.

Whatley & Oman, Las Cruces, for appellee.

KIKER, Justice.

On May 9, 1955, in Hatch, New Mexico, plaintiff's auto and defendant's truck collided within an intersection of two streets. Damage was done to both vehicles. Plaintiff's automobile was repaired at a cost of $533.21. Plaintiff paid $50 only of the cost of the repair of his automobile. Plaintiff's insurer paid the balance. The foregoing facts are stated in the findings made by the court.

Under Rule 36 of the Rules of Civil Procedure for the District Courts the defendant made written request of plaintiff for certain admissions of fact. In answer to this request plaintiff admitted that the company carrying insurance covering his car had paid a part of the loss and damage on account of which the suit was filed. Plaintiff also admitted that he paid only $50 of the bill for repairing his automobile.

In answer to an interrogatory made to him by defendant, plaintiff gave the name of his insurance carrier; and in answer to another interrogatory propounded by defendant, plaintiff stated the amount paid by the insurance company. In answer to a third interrogatory plaintiff stated that he had given to his insurance carrier a "Loan Receipt", but that he did not have a copy thereof in his possession and so could not attach a copy to his answer.

The above mentioned request for admissions of fact and interrogatories, as well as the answers made, were filed in the office of the clerk and are a part of the record in the case. The admissions made were as binding on the trial court as the testimony given in the case. Since the admissions and answers to interrogatories do not fully appear in the findings made by the court, they will be considered as supplementing the findings made by the court just as if the admissions had been made in the pleadings.

The facts above stated are not at all disputed.

Upon the findings of fact made by the trial court, judgment was entered for the plaintiff in the sum of $50, and plaintiff being aggrieved thereby filed motion for, and was allowed, an appeal to this court.

Defendant-appellee contends here for the first time that the insurance carrier was an indispensable party to the suit.

Defendant made no such contention at any time in the district court by motion or in any other way.

■ There is much authority in support of the contention of plaintiff to the effect that he had the right, notwithstanding the payment of a considerable sum by the insurer for the repair of his car, to bring suit for the entire amount paid. He points out correctly, we think, that this was the rule at common law, and quotes cases from various jurisdictions supporting his contention. Some of these cases are: Illinois Power & Light Corp. v. Hurley, 8 Cir., 49 F.2d 681; Wyker v. Texas Co., 201 Ala. 585, 79 So. 7, L.R.A.1918F, 142; Caligiuri v. Des Moines Ry. Co., 227 Iowa 466, 288 N.W. 702; Smith v. United Warehouse Co., 123 Kan. 515, 255 P. 1115.

■ The common law is the rule of practice and decision in the State of New Mexico. Section 21-3-3, N.M.S.A.1953; Beals v. Ares, 25 N.M. 459, 185 P. 780.

This rule does not obtain, however, when the subject matter of any procedural right is fully covered by statute or rule. In our state the rules of court as to parties, taken from earlier statutory provisions, fully cover the matter of parties to civil suits. First, they provide, in Rule 17(a), that every action is to be prosecuted in the name of the real party in interest. There are certain exceptions, but these are not involved here. Rule 19(a) pro-vides that, subject to the provisions of other rules, persons having a joint interest shall be made parties and be present on the same side as plaintiffs or defendants.

■ We must first determine whether the insurance carrier is an indispensable party or merely a proper party.

If the insurance carrier is an indispensable party, then the court was without jurisdiction and the situation is the same as if no attempt at a trial had been made.

As we have shown above, there is an admission of fact made a part of the record proper that plaintiff gave to the insurance carrier a "Loan Receipt". The nature of that instrument is not disclosed. Defendant points out that the evidence does not support the statement that a loan receipt was given, but that it shows that the plaintiff did sign some sort of receipt but was without knowledge as to its nature and makes reference to the testimony at page 56 of the record, at which place the plaintiff testified:

"A. I signed a form that gave them the authorization to pay for the damages, and pay to have my car fixed, and to collect from whoever caused the damage, if they could determine that.

"Q. Either in your name or theirs? Do you know whether that was in

your name—that form that you signed? A. I don't really know, sir."

This is all of the information that we have about the nature of the writing given to the insurer by plaintiff when the insurer made payment of part of the charges for repairing the car. The admissions in the record proper and testimony also show that payment was made by the insurance company, as stated earlier.

That part of the testimony which is important here is the declaration of the plaintiff that he gave to the insurance company the right to collect from the person who caused the damage, if that fact could be determined. This declaration by the plaintiff is, we think, somewhat more enlightening than a declaration that he gave a "Loan Receipt". Bearing that declaration in mind, we seek to find out what the rights of both insurer and plaintiff were after the receipt was executed.

This court has stated two tests for the determination of a "real party in interest": (a) "whether he is the owner of the right sought to be enforced",. citing Whiteman v. Taber, 205 Ala. 319, 87 So. 353; (b) "whether he is in a position to release and discharge the defendant from the liability upon which the action is grounded", citing Broderick v. Puget Sound, etc., Co., 86 Wash. 399, 150 P. 616. These tests are stated in Reagan v. Dougherty, 40 N.M.

439, 62 P.2d 810, 811. See also State v. Barker, 51 N.M. 51, 178 P.2d 401.

Relying upon plaintiff's testimony that when the insurance carrier paid the garage for a part of the cost of the repair of the car he authorized the insurer "to collect from whoever caused the damage, if they could determine that", it must be said, we think, that the insurer has an interest in the claim against defendant for damage done to plaintiff's car. If the insurer had the right to collect the whole or any part of the amount paid for damage to plaintiff's car, then the insurer was in a position to release the defendant from any and all claims to the extent of the amount paid to him.

The case of Gaugler v. Chicago, D.C., 197 F. 79, 81, was a case "wherein an insured and insurers (four nonresident corporations), who have paid less than the total loss, join to recover the total loss in an action against the trespasser whose negligence destroyed the insured property. The insured is a citizen of Montana, and the insurers and defendant are citizens of other states."

A motion to remand to the state court was overruled.

The case was later considered by another judge upon an application for leave to renew the motion to remand to the state court from which it had been removed.

The defendant contended among other things that the insurers were no more than proper parties; that they were not at all necessary parties. Plaintiffs contended, however, that the laws of Montana required all actions to be prosecuted in the name of the real party in interest and that the insurers are such parties and are indispensable parties; that there is no separable controversy. The judge who heard the original motion denied it on the ground that the action must be prosecuted in the name of the insured and that the insurers are not necessary or indispensable parties.

The court acting upon the motion to renew said:

"The statutes of Montana provide that there is but one form of civil action; that every action must be prosecuted in the name of the real party in interest save certain express exceptions not material here further than to invoke the rule of expressio unius, etc.; that an action by an assignee of a thing in action is subject to defenses not material here; that all persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs and those united in interest must be joined, save that any refusing may be made a defendant; that new parties may be brought in and intervention had; that tenants in common may sue jointly or severally; and that things

in action arising out of a violation of property rights may be transferred. It is clear there is no separable controversy herein. There is but a single cause of action involved, viz., the right of the insured, the invasion thereof by the negligence of defendant in the destruction of the insured's property, and the damages thereby inflicted. That the insurers as equitable assignees of the insured are interested therein to the extent of their payments to the insured, and are interested in proving the negligence and in sharing the damages, does not create other causes of action, legal or equitable, against defendant. It is still one cause of action, a single controversy, owned in common by the insured and the insurers. However and wherever an action is brought to compel defendant to respond for its trespass, there can be but one action and in the right of the insured, and one recovery for all those interested. See First [Presbyterian], etc., v. [Goodrich Transportation] Co. (C.C.) 7 F. [257] 260, and cases cited; [Broadway] Insurance Co. v. [Chicago G. W.] Railway Co. (C.C.) 101 F. [507] 509. In denying the motion to remand it would seem that the court so viewed the case, for it ignored the claim of separable controversy, and rested its decision on diverse citizenship alone." We quote further from the opinion:

"These insurers by subrogation are equitable assignees, proportionate to the payments by them made to the insured, of parts of the insured's right of action against defendant, the insured retaining part to himself. This assignment takes on all the aspect, in effect, of one by the most formal and express deed. * * *

"How these assignees shall assert their partial interests is a matter of parties and process, and depends upon the laws of Montana; for therein, and by virtue of the conformity statute, in common-law causes the federal courts follow the state law wherein the court is held. * * * So that if the laws of Montana authorize the maintenance of this action as brought, and if the insurers are not mere nominal parties otherwise fully represented in the action, this court is without jurisdiction, and the case must be remanded."

Again, the court said:

"I am of the opinion that the plaintiffs herein, co-owners of the insured's right of action, were not only authorized by the state law to sue jointly as they did, but were compelled to do so. One compelled to join and joined in an action, and having a substantial interest therein, is not a nominal, but a necessary or indispensable, party, whose citizenship must be regarded when jurisdiction depends on citizenship; for he sues not by a representative nor by representation binding him and bound for him, but in his individual capacity. He is a real party in interest."

Our provisions as to civil actions and as to parties, by former statutes and by rule are identical with those of Montana at the time of the decision in Gaugler v. Chicago. See, also, Munson v. New York C. & H. R. R. Co., 32 Misc. 282, 65 N.Y.S. 848; Omaha & R. Valley R. Co. v. Granite State Fire Ins. Co., 53 Neb. 514, 73 N.W. 950; Norwich Union Fire Insurance Society v. Stang, 18 Ohio Cir.Ct. R. 464, 9 Ohio Cir.Dec. 576; Verdier v. Marshallville Equity Co., 70 Ohio App. 434, 46 N.E.2d 636; Skelly Oil Co. v. Johnston, Tex.Civ.App., 151 S.W.2d 863.

There are cases in federal courts holding that there are four classes of parties: (1) formal or nominal; (2) proper; (3) necessary; and (4) indispensable. 3 Moore's Federal Practice, Second Edition, § 19.02.

In stating the classifications, Mr. Moore says in the section cited above that necessary parties are, "speaking more accurately, conditionally necessary" and that:

"Indispensable parties must, in every case, be before the court. Parties conditionally necessary must be before the court unless one of the conditions referred to in subdivision (b) of this rule exists. Rule 19, therefore,

deals only with two classes of parties —necessary, or, more accurately speaking, conditionally necessary, and indispensable parties. It is substantially a restatement of the practice prevailing before its promulgation."

In § 19.06 of his work Mr. Moore says that Rule 12(b) authorizes the defense of failure to join an indispensable party to be made in a responsive pleading or, at the option of the pleader, by motion prior to pleading; and that the defense may be raised by later pleading or by motion for judgment on the pleadings, but adds that the matter of indispensable parties is so vital "that an appellate court, *sua sponte* if necessary, may consider it although the point was not raised in the trial court."

A general discussion as to necessary and indispensable parties is found in section 19.05 et seq. of Moore's work; and another will be found in 29 California Law Review 731. This article shows very clearly the distinction made in federal courts as between necessary parties and indispensable parties and recommends that all state courts adopt the federal practice. Among its statements is found the following:

"This division of parties into necessary and indispensable is practically and theoretically desirable, but only the federal courts adhere to it with consistency."

In New Mexico, in one case only is there an attempted distinction between necessary and indispensable parties. In the cases the references are to "necessary and indispensable" parties or to "necessary or indispensable" parties. Because of that which follows herein, we neither cite nor discuss the cases dealing with a distinction between necessary and indispensable parties.

In Walrath v. Board of County Commissioners of Valencia County, 18 N.M. 101, 134 P. 204, plaintiff brought suit against the Board and its individual members, seeking to restrain the carrying into execution of a contract for the construction of a courthouse and jail. A contract had been entered into between the Board and Campbell Brothers in which the latter were to construct and complete the courthouse and jail. Campbell Brothers, though within the jurisdiction, were not made parties to this suit. The purpose of the action was to test the validity of an act of the legislature passed in 1909, under which law the legislature conferred upon Valencia County authority to use the proceeds of bonds received by it from the County of Torrance for the purpose of building the courthouse and jail.

After defendants answered to the merits, plaintiff filed a motion for judgment on the pleadings. The question was presented whether Campbell Brothers, contractors,

were "necessary and indispensable" parties to the suit. Writing the opinion, Justice Roberts quoted from Story's Equity Pleading, and then said it was apparent that Campbell Brothers were interested in the subject matter of the suit and that if plaintiff had succeeded, the Board of County Commissioners would have been perpetually enjoined from paying them for the construction of the courthouse and jail. It was further pointed out that Campbell Brothers would not have been bound by the judgment and could have relitigated the question raised in the suit; that it would have been an anomalous situation if plaintiff had prevailed in the case against the Board of County Commissioners, and thereafter Campbell Brothers had instituted suit and recovered against the County with a following undertaking to collect despite the restraining order. Referring to one of the cases cited in the opinion, it was said:

"In the last cited case the Court says: 'Indispensable parties, it was said, are those persons having a property interest in the controversy that will be directly affected by the decree or the enforcement thereof.'"

In Miller v. Klasner, 19 N.M. 21, 140 P. 1107, the action was to enjoin appellant from interfering with appellee's right to the use of a stated amount of water flowing in an irrigation ditch. It was alleged that water was taken from a certain ditch for the irrigation of appellee's land and other lands under his control. The appellee sought a determination of the rights of the parties to the waters of the ditch and to the use thereof upon certain days in each week. An injunction was issued against appellant who answered the complaint by a general denial and filed a cross-complaint seeking affirmative relief. Appellant was not before the court when judgment for appellee was entered. The judgment, which was by default, as just shown, awarded two-thirds of the water to appellee and to Ellen Casey, the mother of appellant, not a party to the suit, a one-third interest in the ditch and all the water flowing therein. Appellant was perpetually enjoined from interfering with the ditch or the use of the water awarded. Appellant moved to set aside the judgment claiming she had no notice whatever through her attorney or otherwise of the hearing before the referee or before the court. Justice Roberts passed this question, however, and said it appeared from the decree itself that Ellen Casey was a necessary and indispensable party to the action. Justice Roberts declared also the general rule requiring that defendant take advantage of defect of parties by demurrer or answer and said that the rule does not apply to an indispensable party, as the court may not proceed to a decree or a judgment without his presence. This left the question whether the objection that

there was absent a necessary and indispensable party can be made after an entry of judgment by motion to set aside that judgment. The holding was that this could be done. The case was reversed with instructions to vacate the judgment and to proceed no further until all necessary parties had been brought in by amendment, and upon failure of appellee so to do, that the suit should be dismissed, unless by amendment the rights of others would not be affected by any judgment entered.

In Page v. Town of Gallup, 26 N.M. 239, 191 P. 460, 462, the plaintiff sued to enjoin the town from carrying out the terms of a contract entered into with Stearns-Rogers, not made a party, for the purchase of electrical machinery and equipment. Stearns-Rogers was a non-resident of New Mexico. In the opinion, this is found:

"* * * all the parties to the contract are necessary and indispensable parties to the suit, without which the court is without jurisdiction to annul such contract, or to enjoin a party from performing it. This principle of law was announced by this court in the case of Walrath v. Board of Commissioners, 18 N.M. 101, 134 P. 204. It was there said that the court will take notice of the absence of indispensable parties when such fact is made to appear, though not raised by the pleadings, or suggested by counsel, and will

dismiss the plaintiff's bill, when to grant the relief prayed would injuriously affect persons materially interested in the subject-matter and not made a party."

The court granted the injunction; and in this Court the town contended that the case was distinguishable from the Walrath case because there the contractors were within the jurisdiction of the court, while in the Page case the contractor was without the jurisdiction, thus leaving no remedy if the foreign corporation must be a party, because jurisdiction over that party could not be acquired without its voluntary appearance. The court held that the fact that an absent party would not be concluded by judgment does not establish the fact that the party is dispensable. In the case then before the court, if the foreign company had been bound by the decree, it would have been deprived of its property without due process of law and its rights would be vitally affected. A large number of federal cases is cited in support of the proposition that where there is an indispensable party the suit must be dismissed.

The court said, 26 N.M. at page 251, 191 P. at page 464:

"The reason for the rule is that where a party goes into a court of equity, asking the court to give him relief, he must have before the court

all parties whose rights may be affected by the relief sought, because the court will not extend its arm to give him relief, at his solicitation, unless the parties to be affected are before the court and have an opportunity to resist the application, the granting of which will be detrimental to them. When a party goes to the court seeking relief, he must bring the parties to be affected by the decree before the court, otherwise the court will not act."

In American Trust & Savings Bank of Albuquerque v. Scobee, 29 N.M. 436, 224 P. 788, a contract had been entered into between one Hickey and the State for the sale by the State to said Hickey of certain state lands. Payments were to be made on the installment plan over a period of years. The contract was made upon the express condition that the minerals in the lands would be reserved to the fund or institution to which the land belonged, together with a right of way to the Land Commissioner, or anyone having authority, to go upon the lands for the purpose of mining and removing minerals. Time for payment was extended to the bank as trustee and successor in interest of Hickey. The Land Commissioner gave a gas and oil lease of the lands in question to defendants, and the bank brought suit to quiet its title to the lands upon the theory that the Commissioner was without authority to make the reservation contained in the contract with Hickey and so exceeded his authority in entering into the oil and gas lease.

Justice Parker, writing the opinion, stated the rule as to necessary and indispensable parties and held that the State of New Mexico, which still held title to the lands in question, was an indispensable party to the suit, and so the ruling of the trial court in dismissing the complaint upon demurrer was affirmed.

In Mann v. Whitely, 36 N.M. 1, 6 P.2d 468, 470, the action was for the foreclosure of a mortgage. Neither the owner of the legal title nor the mortgagors were made parties defendant. It was held that the action could be maintained by the plaintiff to cut off the interest of the parties who were actually before the court as no injury would be done to those who were not before the court.

As to mortgagors, there was no showing that they had parted with their equity of redemption. This led the writer of the opinion, Justice Sadler, into a discussion of necessary parties and in speaking of the claim that an indispensable party was absent, he wrote:

"The objection, if well taken, may be noticed, however, though not raised by the pleadings or suggested by counsel. Walrath v. Board of County Commissioners, 18 N.M. 101, 134 P. 204."

We quote again from the opinion:

"In 9 Encyc. Pl. & Pr. 300, the author briefly points out the different meanings attached to the use of the phrase, as follows: 'The phrase "necessary parties" is used in two distinct senses by judges and text writers. It is applied to those whose presence in the suit is essential to its maintenance and validity, and also to those who must be before the court in order that a decree may be rendered which will bind all parties interested in the land and under which a sale may be effected which will transfer the title thereto.' "

The case of Burguete v. Del Curto, 49 N.M. 292, 163 P.2d 257, states and discusses the same rule in another case in which the state was an indispensable party.

Teaver v. Miller, 53 N.M. 345, 208 P.2d 156, quotes from 28 Words and Phrases, p. 231 a declaration showing who are necessary parties and cites other situations in which parties were not necessary or indispensable. The opinion follows the former opinions of the court in its holding as to parties.

Hugh K. Gale Post No. 2182 Veterans of Foreign Wars, of Farmington v. Norris, 53 N.M. 58, 201 P.2d 777, 782, is a case in which plaintiff sued to compel defendant, as a trustee ex maleficio, to convey land to plaintiff. Plaintiff was a post of the Veterans of Foreign Wars. Defendant was a member and, at the time, an officer of the post. He and another were members of a committee to find lots at Farmington which plaintiff could buy and upon which the post could erect a building for its use. Defendant purchased the lots, representing that he was purchasing for plaintiff and would advance the purchase price and convey to plaintiff when the organization could pay him. On account of the representations so made, the owners sold the lots for less than their market value. Plaintiff left the entire transaction in the hands of defendant without making any effort to acquire the property. A deed was made to defendant and his wife as joint tenants in accordance with the representations that the property would be conveyed to the post when payment could be made to defendant therefor. Defendant's wife was not made a party to the suit, though she held legal title as a joint tenant. During the trial there was a motion to dismiss "because a necessary party was not joined." Defendant was ordered to convey the property by a good and sufficient warranty deed with abstract of title, which this court held to be a requirement to convey a good and merchantable title. The court also held, Justice Brice writing, that Mrs. Norris was an indispensable party to the action and said:

"It is never too late to raise objection to the jurisdiction of the court for the want of an indispensable party. [Citing cases.]

"Being an indispensable party, whose rights are affected by the decree, the court was without authority to enter it in her absence as a party. [Citing cases.]

"The decree is reversed and cause remanded to the district court with instructions to set aside its decree and grant to defendant a new trial; to permit such amendments of pleadings and to make such additional parties as to the court shall be deemed proper in the premises."

At the trial this was said by defendant's attorney: "We feel we have a right to move to dismiss because a necessary party was not joined." Justice Brice, in the opinion, considering that statement upon the motion, said:

"We think the defendant fairly raised the question of whether the defendant's wife, Ruby B. Norris, is an indispensable party to the prosecution of this suit."

The opinion stands, among other things, for the fact that necessary parties and indispensable parties have been repeatedly held to be synonymous terms in the law of this state. The words necessary and indispensable are shown to be synonymous by dictionary definition. Webster's New International Dictionary, Second Edition, Unabridged.

Indispensable is defined: "* * * c. Impossible to be dispensed with, or done without; absolutely necessary or requisite; * * * Syn. Essential. * * *"

Necessary is defined: "* * * 1. A thing that is necessary or indispensable to some purpose; something that one cannot do without; a requisite; an essential. * * *"

It is true that in Keirsey v. Hirsch, 58 N.M. 18, 265 P.2d 346, 43 A.L.R.2d 929, the opinion of this Court speaks of a distinction between necessary parties and indispensable parties without making reference to any earlier New Mexico cases and cites and quotes from a single California case.

As has been said previously, the federal courts do make a distinction, as do some state courts, California among them, between necessary parties and indispensable parties. There are many cases, including New Mexico cases, in which the terms are treated synonymously.

In the case under consideration, it is clear to us that the right of some one of the parties would be endangered if plaintiff were allowed to demand and receive the full amount sought.

We now quote from § 19.04(1) of 3 Moore's Federal Practice:

"We have seen that parties in the federal courts are divided into four

classes: formal or nominal; proper; necessary, or, more accurately speaking, conditionally necessary; and indispensable. This classification is due to the impact of some or all of three matters: federal jurisdiction; jurisdiction over the defendants; and venue. * * *"

We do not have the identical problems suggested and need not now disturb the position taken and held by this court for many years.

Plaintiff's second point is the defendant waived the objection that an indispensable party was absent from the case by not raising the proposition in the lower court.

It has been shown above by citation of New Mexico cases that this objection may be made, if not before, in the Supreme Court. The point is overruled.

Plaintiff states a third point, but it is not argued in the briefs and we will not consider it here.

Holding as we do that the insurer was a necessary, meaning indispensable, party to this suit, the situation is such that we must consider the matter as if there had been no attempt at trial.

The failure of the defendant to raise the question of the absence of a necessary party in the lower court is not to be commended;

and it cannot be expected that this Court will permit the splitting of that which is a single cause of action, with the result that the present plaintiff can have judgment for $50 and so end the matter, to the injury of the insurer if defendant is liable at all. It is clear that only one cause of action exists. That cause of action is based upon the claim of negligence on the part of defendant resulting in damage to the automobile belonging to the plaintiff. Plaintiff has assigned, so the record shows, an interest in the recovery of damages to the insurer, and so both are necessary parties to any action which may be prosecuted for a recovery on account of any damage done to the plaintiff's automobile.

The judgment of the lower court should be reversed and the cause remanded to the district court with instructions to grant a new trial, permitting such amendments of pleadings as may be necessary to make all persons claiming an interest in the alleged cause of action parties to the suit.

It is so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

SADLER, Justice (dissenting).

This appeal presents as near perfect a case for applying the ancient saw found

404

in legal lore—*lex non curat de minimis*—"the law does not concern itself about little things,"—as ever has come to my attention.

The case had reduced itself to a $50 law suit by the time it reached judgment. The defendant raises the vexing legal question upon which Mr. Justic KIKER has prepared a lengthy and exhaustive opinion for the court announcing a decision of a question on which we should decline to speak. Why?

Because the plaintiff started the suit seeking recovery of over $500, whereas he showed himself entitled to only $50 thereof, if any, under the court's findings. But the defendant, who alone could justly complain of plaintiff's effort to appropriate the entire damage to himself, by failing to appeal, showed himself perfectly willing to accept the recovery of $50 and drop the matter.

Now, by raising here for the first time, as say the majority, even though defensively, the question of absence of an indispensable party, the defendant would set us off on an investigation and study absorbing much of our valuable time, as demonstrated by the prevailing opinion, when following trial he was willing to remain mum and face the judgment, but for the plaintiff's appeal. He, the defendant, who was satisfied then, thus has no right to complain, if we treat him so now.

The plaintiff cannot justly complain, since he is getting $50 he probably could not have shown himself entitled to at all, attempting, as he was, to split a cause of action the court found he had assigned. Thus, it aggrieves me none at all to apply the legal maxim invoked above, without either gratifying defendant's curiosity on the question of parties, or hearing plaintiff's appeal on the merits, if there be any merit in his effort to have judgment on a cause of action, either all or part of which he had assigned. We should dispose of the appeal by quoting to him the legal maxim—*lex non curat de minimis.*

This would call for an affirmance. The majority think plaintiff should have a new trial, thus imposing an added expense on the Dona Ana County court fund, as well as making an undue requisition on the time of the parties, the court below and this Court, as well, should a second appeal follow.

I dissent.