*450
 
 Day, J.
 

 The solution of the problem presented requires a construction of Section 11256, General Code. This section recites as follows:
 

 “Parties who are united in interest must be joined, as plaintiffs or defendants. If the consent of one who should be joined as plaintiff can not be obtained, or, he is insane, and the consent of his guardian is not obtainable, or he has no guardian, and that fact is stated in the petition, he may be made a defendant. ’ ’
 

 This section was originally Section 36 of the Code of Civil Procedure, adopted in 1853, 51 Ohio Laws, 62, and has remained upon the statute books of the state in practically the same form ever since. It has received the judicial construction of this court many times.
 

 Perhaps the leading case construing this section is
 
 Snider’s Exrs.
 
 v.
 
 Young,
 
 72 Ohio St., 494, 74 N. E., 822, the case in which the second and third propositions of the syllabus of
 
 Smetters & Harris
 
 v.
 
 Rainey,
 
 14 Ohio St., 287, were overruled. The first syllabus of the latter case is unreversed and still controlling in this state. That syllabus recites:
 

 “All the defendants in a joint judgment are necessary parties to a petition filed by one of their number to reverse it, and may be made so, as plaintiffs or defendants, in conformity with the provisions of sections 34, 35 and 36 [Section 11256, General Code] of the code, as to parties to civil actions.”
 

 The case of
 
 Snider’s Exrs.
 
 v.
 
 Young, supra,
 
 arose out of an action to contest the will of Martin Snider. A judgment was rendered in the court of common pleas upon a verdict setting aside the will and the probate thereof. Error was prosecuted to the Circuit
 
 *451
 
 Court of Clark county to reverse such judgment. By mistake the name of John Shuman, one of the plaintiffs recovering the judgment below, was not included among the defendants to the petition in error. Motion was made to dismiss the case for the reason that the court had no jurisdiction to grant the relief because one of the plaintiffs in the court below (John Shuman) had not been made a party to the proceedings in error, either as plaintiff or defendant. This motion was sustained, and leave to amend the petition in error by making Shuman party defendant was refused.. The error proceedings were dismissed by the Circuit Court.
 

 In overruling this judgment, this court, by Davis, C. J., recognized the necessity of the presence of all parties-united in interest before the court as essential to jurisdiction. That case being an action to contest a will, just as is the case at bar, his language, appearing on page 508 of 72 Ohio State, 74 N. E., 822, 823, is particularly apt:
 

 “It will go without dispute, as was laid down in
 
 Smetters
 
 v.
 
 Rainey,
 
 13 Ohio St., 568;
 
 Idem,
 
 14 Ohio St., 287;
 
 Jones
 
 v.
 
 Marsh,
 
 30 Ohio St., 20;
 
 Tod
 
 v.
 
 Stambaugh,
 
 37 Ohio St., 469;
 
 Veach
 
 v.
 
 Kerr,
 
 41 Ohio St., 179;
 
 Burke
 
 v.
 
 Taylor,
 
 45 Ohio St., 444, [15 N. E., 471], and in many other cases, both before and since these, that all persons who are jointly interested in a judgment which is sought to be reversed or modified, must be made parties to the proceedings in error before the reviewing court can render a judgment reversing or modifying it.”
 

 The majority of the court held that if the error proceedings were commenced in proper time the petition in error might be amended by adding as a
 
 *452
 
 defendant in error the name of the person who had been omitted, causing service to be made upon him, although application for such amendment had not been made until after the statutory period for commencing proceedings in error had elapsed. And relevant to this question, at page 510 of 72 Ohio State, 74 N. E., 822, 824, Judge Davis says:
 

 ‘ ‘ The original judgment set aside a will. If it was set aside as to one of the persons interested it was set aside as to all. If that judgment should be reversed as against some of the contestants it necessarily must be reversed as to all of them. The judgment is an entirety and inseparable. For that reason all of the parties to the judgment must be in court before it can be reversed.”
 

 We deem this language pertinent to the issue tendered here, and are of opinion that the various legatees and beneficiaries under the will were united in interest and should have been made parties in the error proceedings.
 

 It cannot be denied that there is a unity of interest among those who are beneficiaries under the will, which interest therefore requires the sustaining of the will. While the interests of various beneficiaries may be several, as to the amounts to be received under the will, yet the common interest of sustaining the will in the first instance is the one that unites all the beneficiaries in a joint desire to sustain the will.
 

 The plain letter of Section 11256, General Code, provides that “parties who are united in interest must be joined, as plaintiffs or defendants.” The language is mandatory in character, and to give it any other construction is to declare it merely direc
 
 *453
 
 tory. As to persons united in interest it lias been held to be mandatory.
 
 Clark, Exr.,
 
 v.
 
 McClain Fire Brick Co.,
 
 100 Ohio St., 110, 125 N. E., 877.
 

 The right to prosecute error is a statutory right, and it has been decided by this court that Section 11256, General Code, applies to litigation in all its stages.
 
 Columbia Graphophone Co.
 
 v.
 
 Slawson,
 
 100 Ohio St., 473, 126 N. E., 890.
 

 It is argued that Ida L. Young is not prejudiced by the failure to join the twenty-two beneficiaries under the will, upon the theory that by not prosecuting error they have waived their rights in the premises; hence modification or reversal of the common pleas judgment would take nothing from them, as under the judgment of the common pleas court they have nothing. By modification or reversal of such judgment they might gain, but could not be prejudiced.
 

 We do not think this is the test, as this matter involves not a rule of property, but an important question of practice. In support of this theory of waiver, we are referred to the language in the opinion, on page 477 of 100 Ohio State, 126 N. E., 890, 892, in the case of
 
 Columbia Graphophone Co.
 
 v.
 
 Slawson, supra,
 
 that “Section 11256, General Code, contemplates that all parties united in interest must be joined as plaintiffs or defendants in all stages of a litigation, unless waived by the party injured by such failure to unite.” The waiver therein referred to is clearly a waiver of the provisions of Section 11256. It is not a waiver of a right to prosecute error, but a waiver of the right to have those united in interest joined as plaintiffs or defendants. The party injured in this case by failure to unite is Ida
 
 *454
 
 L. Young, and she has not only not waived that right, but has asserted it at her first opportunity. Hence we do not think that the question of waiver avails the plaintiffs in error. The prejudice to Ida L. Young is in being compelled to submit to a judgment of reversal in a proceeding in error in the Court of Appeals without a compliance with Section 11256, General Code, providing that parties who are united* in interest be joined as plaintiffs or defendants. As well might other statutes relative to error proceedings be ignored.
 

 For the reason that the Court of Appeals reversed the judgment of the court of common pleas without compliance with the provision of the statute, that all parties who are united in interest must be joined as plaintiffs or defendants, it becomes our duty to reverse such judgment and remand the cause.
 

 Judgment reversed and cause remanded.
 

 Marshall, C. J., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.