SWINEFORD ET v. NICHOLS ET.

Common Pleas Court, Tuscarawas County.

No. 34921.    Decided May 10, 1961.

494

*Messrs. Smith, Renner, Hanhart & Miller,* for plaintiff.
*Mr. Mario D. Corsi,* for defendant.

LAMNECK, J. Each plaintiff in this action is the owner or a part owner of a lot in the H. G. Holderbaum's First Allotment to the City of Dover, Ohio. They seek a permanent injunction restraining the defendants from the operation of a beauty parlor on Lot number 3822 in said allotment.

It appears from the undisputed evidence in this case that said Lot No. 3822 is a part of said H. G. Holderbaum's First Allotment to the City of Dover, Ohio, which was taken into the corporate limits of said city on September 4, 1956. The allotment contains approximately forty one city lots. The defend-

ants purchased said lot 3822 on May 9, 1960, from H. G. Holderbaum. Among others it contained the following restriction:—

"Said premises shall be used for residence purposes only. Not more than one dwelling house shall be placed on said premises and any residence erected or placed thereon shall be designed for occupancy by not more than two families.

All the conveyances that have been made for the sale of lots in said allotment by H. G. Holderbaum, including the lots sold to the plaintiffs, contain an identical restriction.

It also appears from the evidence that said addition is in a residential zoning district of the city of Dover, Ohio, and that a building permit was issued to H. G. Holderbaum to erect a residence on said lot on October 21, 1959, but said building permit contains no reference to a business section for said residence. This residence was completed in 1960 and is the usual place of residence of the defendants and their children.

Margaret A. Nichols, one of the defendants in this action and the wife of the other defendant, Crawford L. Nichols, obtained a cosmetologist license in the State of Ohio in the fall of 1960 and thereafter was issued a shop license for the practice of cosmetology at 806 East 11th Street in the city of Dover, Ohio, which is the address for said Lot number 3822. A permit was also issued to the defendant, Margaret A. Nichols, by the Zoning Board of Appeals of Dover, Ohio, to operate a beauty parlor on said lot.

She opened up a beauty shop in the fall of 1960 and has been engaged in that business on said lot 3822 since that time. Assuming that the aforesaid permit issued by the Zoning Board of Appeals of the city of Dover, Ohio, under the comprehensive Zoning Ordinance of the City of Dover, Ohio, is valid, is the operation of said business prohibited under the restriction described above?

The plaintiffs contend that the said restriction was imposed for the benefit of all the lots in said allotment and that the defendant had notice of the general plan and restrictions for the benefit of all the lot owners in said allotment.

The defendants contend that the use of part of said residence is only casual and incidental to the use of said premises as their private residence; that such use is permitted under the

zoning laws of the city of Dover, Ohio; that such use is in accord with the general plan and scheme for the development of said allotment; that the plaintiffs acquiesced in and approved such incidental and accessory use; and that there is a defect in parties plaintiff.

The record does not support the defense of acquiescence on the part of the plaintiffs nor that such use was directly included in the general plan and scheme for the development of said allotment.

The evidence shows that the defendant, Margaret A. Nichols, has operated a beauty shop on lot 3822 in said allotment since 1960. The shop is equipped with two dryers, two wash bowls, a vanity table, a cupboard, chairs and other incidental equipment. The business is conducted in part of the ground floor of the defendant's split level residence in a room approximately 12 x 28 which according to the original plan was designated a recreation room.

A garage of the same approximate size also faces the street. There are no other rooms on the ground floor. The garage and the former "recreation room" could properly be termed basement rooms. A portion of the residence has no basement rooms under it. In the original construction it was connected to the second level by a stairway. The State Board of Cosmetology ordered this stairway closed so that at the present time this room has no inside entrance to any other portion of the residence.

When Mrs. Nichols opened up her business she caused an advertisement to be inserted in The Dover Reporter, a daily newspaper of general circulation in Dover and vicinity, notifying the public that she was operating a beauty shop on the lot in question. Her phone number is listed in the yellow pages of the telephone directory under the heading "Beauty Shops" as follows:—

"Margaret Ann's Beauty Shop 806 E. 11th St., Dover J-1425"

Mrs. Nichols has two children, aged three and four and a half years respectively. She does her own domestic work and neither she nor her husband have any domestic or commercial employes.

She keeps an appointment book, and is open for business

from 7:00 a. m. to 8:00 p. m. daily except Sunday. She has an average of three customers per day. Some days she accommodates as high as six in number. Her business has shown a gradual increase from the time of its inception.

One resident in this allotment is in the insurance business as a side line and has an office desk in his basement. Normally he conducts no business in his residence. Another engaged in a full time insurance business, keeps his records in his home but almost all, if not all, of his contacts are made away from home. A garage mechanic who resides in this allotment did some repair work on automobiles in his garage, but this was done gratuitously for relatives and close friends or on his own vehicle. A feed salesman also lives in this allotment, keeps records in his home but makes all of his sales and contacts away from home.

The defendants claim that there is a defect of parties plaintiff for the reason that with the exception of one owner, each of the remaining eleven plaintiffs only own an undivided one-half interest in the lots or lot on which his or her home is located.

Section 2307.18, Revised Code, provides that "all persons having an interest in the subject of an action, and in obtaining the relief demanded may be joined as plaintiffs."

As stated in *Wallace* v. *Clifton Land Co.*, 92 Ohio St., 349, 110 N. E., 940, at page 359, where there are uniform restrictions in an allotment, "it follows that the purchasers and the present owners of any * * * lots have the right to enforce the restrictions imposed upon * * * (the) lots in the deeds from the original proprietors, for there could be no purpose in writing such restrictions in the deeds if any one or more of the purchasers or their subsequent grantees or lessees were permitted to disregard the same."

As stated in the above cited case, any one or more persons owning a lot in a restricted allotment may enforce such restrictions. The joinder of the plaintiffs therefore in this action is properly permissive under Section 2307.18, Revised Code.

However, Section 2307.20, Revised Code, provides that "parties who are united in interest" must be joined as plaintiffs or defendants. In *Young* v. *Meyers*, 124 Ohio St., 448, 179 N. E., 358, it was held that the provisions of this section are

mandatory in character. The same ruling was made in *Verdier* v. *Equity Co.*, 70 Ohio App., 434, 46 N. E. (2d), 636.

In *McCord* v. *McCord*, 104 Ohio St., 274, 135 N. E., 548, it was held that parties are united in interest when they are similarly interested in and will be similarly affected by the determination of the issues involved in the action.

Where a husband and wife are the joint owners of a lot of land as tenants in common, both are similarly interested in and will be similarly affected in the outcome of an injunction sent to enforce restrictions as it affects their lot of land, and are therefore "united in interest."

Eleven of the twelve plaintiffs in this action are each a joint owner with his wife of a lot or lots in the allotment in question as tenants in common. The respective wives are neither plaintiffs or defendants. As to such eleven plaintiffs this action is not commenced by them because their respective wives, who are "united in interest" with them were not made parties plaintiff or defendant.

However, Carrie C. Enck, the other plaintiff in this action, owns an entire lot and no one is "united in interest" with her in the ownership. As stated in *Wallace* v. *Clifton Land Company*, 92 Ohio St., 349, 110 N. E., 940, an individual owner of a lot in a restricted allotment may maintain an action to enforce a restriction in such an allotment. She is a proper plaintiff and as to her this action is properly commenced.

Under the facts and circumstances in this case as set forth herein, does the restriction "Said premises shall be used for residence purposes only," prohibit the defendant from engaging in a so-called "beauty shop" business in their residence?

In *Ritzenthaler* v. *Pepas*, 107 Ohio App., 385, 159 N. E. (2d), 472, it was held "that a restrictive covenant in the use of a lot of land as residential, which provides that no noxious or offensive trade or activity shall be carried upon any such lot and that nothing shall be done thereon which may be or become a nuisance, or annoyance to the neighborhood does not exclude by implication incidental use thereof as a beauty shop licensed by the State."

In that case, the restriction applied to "noxious or offensive trade" and is not as broad as the restriction in the instant case.

The court determined in that case, that the operation of a beauty shop was neither noxious or offensive under the facts presented and hence was not a violation of the restriction.

It has been held that the use of the ground floor of a private dwelling for a tailoring establishment is a violation of a restriction against the erection of any building other than private dwellings, even though the upper floor is used for dwelling purposes. See *Pagenstecher* v. *Carlson*, 146 App. Div., 738, 131 N. Y. S., 413.

Also in *Cornish* v. *Wiessman*, 56 N. J. Eq., 6101, 35 Atl., 408, it was held under a covenant restricting the use of property to "dwelling purposes only" the use of a portion of the building thereon for a meat and vegetable market violated the restriction.

In *Moore* v. *Stevens*, 90 Fla., 879, 106 So., 901, it was held that the words "for residence purposes only" is synonymous with "solely" and gives to the restrictive covenant a meaning that the property is to be used only for residence purposes, and excludes all uses, other than for residence purposes. In that case the court granted an injunction against the use of a home for the giving of vocal lessons by a vocal instructor who resided therein.

In *Andrews* v. *Metropolitan Bldg. Co.*, 163 S. W. (2d), 1024, 349 Mo., 927, it was held that a tenant who operated a rooming and boarding house as a means of earning a livelihood for herself and family violated a "residence purpose only" restriction.

The maintenance and breeding of a flock of racing pigeons at one's residence was held to be a violation of "a residence purposes only" restriction in *Wood* v. *Blanche*, 304 Mich., 2831, 8 N. W. (2d), 67.

In *Noble* v. *Kisker*, 134 Fla., 233, 183 So., 836, it was held that the residence only restriction did not preclule the conducting of a private school in a residence in the construction of which uniformity of improvements and the beauty and value of the property was not violated.

In *Briggs* v. *Hendricks*, 197 S. W. (2d), 511, a restriction of lots to "residential use," does not prevent a physician from practicing his profession in his home, situated on one of such lots.

In *Deibel* v. *Wilson*, 77 Ohio Law Abs., 471, it was held that the occupation of a general medical practitioner, practicing alone, with but one employe, is not to be classified as a "business" or "trade" under a restriction that lots "shall be use for residence purposes only and not for any purpose of business or trade."

The restriction limiting the use of property for "residence purposes only" did not preclude a chiropractor from the incidental use of his residence for professional purposes as a supplement to his regular office, if he did not maintain such a public office to receive so much of the public as might have occasion to come in. See *Osborne* v. *Talbot*, 78 Atl. (2d), 205.

It seems to be the general rule in many jurisdictions that where the use of all of the property in an addition to a city is limited to "residence purposes only" it may be used to a minor extent in conjunction with residence purposes, for the transaction of some classes of business or the following of some professional pursuits so long as the latter use:

1. Is in fact casual or infrequent.

2. Results in no appreciable damage to other owners in the restricted area.

3. Creates no inconvenience or annoyance to neighboring residents in the restricted area.

4. Is in substantial harmony with the purpose of the parties in establishing the restriction.

5. Where there is no feature in the building, the construction of which could have been prohibited by invoking the condition of the covenant.

6. Does not destroy its character as a residence property.

See *Dorr* v. *Harrahan*, 101 Mass., 531; *Smith* v. *Graham*, 161 App. Div., 803, 147 N. Y. S., 773; *Marrow* v. *Hasselman*, 69 N. J. Eq., 612, 61 Atl. 369; *Gallon* v. *Hussar*, 172 App. Div., 393, 158 N. Y. S., 895; *Wood* v. *Blancke*, 304 Mich., 283, 8 N. W. (2d), 67.

It would appear that a restriction limiting the use of property to "residence purposes only" would not restrict an artist from painting pictures in his home, a chemist from experimenting in his home laboratory, a lawyer from briefing cases, a physician from writing prescriptions or treating persons who

came to his home; a seamstress from doing sewing for hire, or the conducting of a private school.

While there is some opinion evidence in this case that the defendant's operation, if permitted to continue, would decrease the value of the properties in the addition, there is no substantial evidence that this operation has depreciated the value of any property in the addition.

The evidence in this case shows that:—

1. The building was originally designed as a residence and there was no feature of construction which could have been prohibited by invoking the restriction.

2. No alterations have been made to the building which would destroy its character or appearance as a residence property. There is no commercial front to the building.

3. The operation is confined to a basement room approximately 12′ x 28′ originally intended for a recreation room.

4. With the exception of the 12′ x 28′ room, all of the remaining part of the building, including a basement room used as a garage, is used by the defendants and their children as a private residence.

5. The operator, Margaret A. Nichols, does her own domestic work including cooking, cleaning, laundry work and the care of her children, and has no employes.

6. There is no substantial evidence that the value of adjoining property has depreciated by this operation.

7. The operation creates no inconvenience or annoyance to neighboring residents and there is no parking problem.

8. The defendant, Crawford L. Nichols, is substantially employed and his earnings bear most of the family's expenses.

From the foregoing the court concludes that the defendants have not violated the restriction limiting the use of their property to "residence purposes only," except as to advertising to which they have resorted. The defendants will be enjoined from:

1. Placing any advertising concerning the operation of a beauty shop or salon on the building in question.

2. Inserting any commercial listings concerning a beauty shop at the present location in a telephone directory.

3. Advertising a beauty shop operation at the present location in any newspaper or other advertising media.

502

4. Extending the present operation beyond the present limitations and from employing beauticians or other employes in connection with said beauty shop operation at the present location.