Per Curiam.

The appellees’ primary contention is that the appeal should be dismissed for failure of the appellant to join as appellees all the persons required by Section 5717.04, Revised Code.
On the other hand, appellant contends that it has joined all the necessary parties, that the only necessary parties are those who were active participants in the proceedings before the board, and that the joinder of the libraries and other small political subdivisions is unnecessary to affect an appeal to this court.
A determination of this question requires an examination of the statutes relating to appeals from the Board of Tax Appeals.
Section 5717.04, Revised Code, reads in part as follows:
“In all such appeals the commissioner or all persons to *193 whom the decision of the board appealed from is required by such section [Section 5717.03, Revised Code] to be certified, other than the appellant, shall be made appellees. Unless waived, notice of the . appeal shall be served upon all appellees by registered mail.”
From this section it is clear that all persons to whom the decision of the board must legally be certified must be made parties to the appeal.
Section 5717.03, Revised Code, which provides to whom such decision must be certified, reads in part as follows:
“* * * its decision and the date of the entry thereof upon its journal shall be certified by it by registered or certified mail to the person who is a party to such appeal or application, such persons as the law requires, and such other persons as the board deems proper.”
Thus, under this section such decision must be certified to parties and such other persons as required by law.
It requires an examination of Section 5705.37, Revised Code, to determine to whom the law requires certification of the decision. This section provides to whom the law requires certification in such instances, and reads as follows:
* The finding of the Board of Tax Appeals shall be substituted for the findings of the commission, and shall be certified to the county auditor and the taxing authority of the subdivision affected, or to such board of public library trustees affected, as the action of such commission under Sections 5705.01 to 5705.47, inclusive, of the Revised Code.”
Thus, in the present case, the law would require not only those who were the actual parties before the board to be made appellees but also the county auditor and the taxing authorities of the subdivisions affected by the board’s decision.
Clearly, the decision of the board in the instant case affected not only the parties actually before it but all the subdivisions entitled to participate in the fund, since the decision affected the total budget. This is exemplified by an examination of the decision of the Board of Tax Appeals which shows that the allotment to some of these subdivisions was decreased. Therefore, these subdivisions were necessary party-appellees.
This brings us to a consideration of whether such omission warrants the dismissal of the appeal.
*194 The right to appeal is purely a matter of statute and must be exercised strictly in compliance with the statutory conditions relating thereto. Thus, where, as here, a statute provides that certain parties are necessary to an appeal, such parties must be joined before the time for filing the appeal has lapsed, otherwise such appeal must fail. A subsequent joinder of necessary parties after the expiration of the time for filing of the appeal will not validate the appeal. The statutory time for filing appeals is substantially that of a statute of limitations, and, once such time has passed, necessary parties cannot be added so as to endow the court with jurisdiction over these proceedings. See, for example, in relation to statutes of limitation, Gravier v. Gluth, Exrx., 163 Ohio St., 232.
In other words, failure to join necessary parties in an appeal prior to the expiration of the time for the filing thereof is ground for dismissal of the appeal. See Young v. Meyers, 124 Ohio St., 448.
In Richter Transfer Co. v. Bowers, Tax Commr., 174 Ohio St., 113, this court held that “strict compliance with the statutory requirements with respect to appeals provided in Chapter 5717, Revised Code, is required.”
Under Section 5717.04, Revised Code, an appeal must be prosecuted to this court within 30 days after the entry of the decision of the Board of Tax Appeals, and any person to whom the law requires certification of the decision of the Board of Tax Appeals must be joined as an appellee and is therefore a necessary party to the appeal. The failure to join such person within the time provided for the taking of the appeal is ground for dismissal thereof.
Appellees urge other grounds as the basis for dismissal of the appeal, but, inasmuch as the above-discussed ground is dis-positive of the issue, such other grounds will not be considered.
The motion to dismiss the appeal is sustained and the appeal dismissed.

Appeal dismissed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.