BASSETT BUILDING COMPANY v. JEHOVAH EVANGELICAL LUTHERAN CHURCH.

1. COVENANTS—DWELLING—RESIDENCE—USE AND BUILDING RESTRICTIONS.

Subdivider's restrictions that lots be used for resident purposes only and that dwellings were to cost no less than $3,000 on some streets and not less than $5,000 on others and be set back at least 30′ from the front lot line, disclosed a purpose to provide a district where lots were to have a single family house only, there being no distinction between restrictions on use and building restrictions under such covenants.

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PARTIES.

A question as to applicability of restrictions imposed by lot owners upon some lots of subdivision in which plaintiff's lots were included is not determined where unnecessary to decision herein, and especially where it might affect the liability of a title insurer not a party to injunction suit to restrain usage of lots for other than single family residence purposes.

REFERENCES FOR POINTS IN HEADNOTES
[1]  14 Am Jur, Covenants, Conditions and Restrictions §§ 210–214.
[2]  5 Am Jur 2d, Appeal and Error § 760.

Appeal from Wayne; *Weideman* (Carl M.), J. Submitted October 8, 1963. (Calendar No. 8, Docket No. 49,757.) Decided November 4, 1963.

Bill by Bassett Building Company, a Michigan corporation, against Jehovah Evangelical Lutheran Church, a Michigan ecclesiastical corporation, and others, as a class suit, for declaratory decree permitting it to use 2 subdivision lots for construction of apartment building. Norwest Improvement Association, a Michigan nonprofit corporation, added as party defendant on its own motion, and with certain property owners, filed cross bill. Decree on cross bill restraining plaintiff and certain others from using property for other than single residence purpose. Plaintiff appeals. Affirmed.

*Okrent, Baun & Stalburg* (*Sheldon L. Miller*, of counsel), for plaintiff.

*Lincoln Welton,* for defendant Norwest Improvement Association.

DETHMERS, J. This is a suit for decree declaring that use of 2 lots, of which plaintiff is contract purchaser, for an apartment building is not in violation of restrictive covenants thereon. Plaintiff appeals from adverse decree by which it is enjoined, as prayed in cross bill of defendants who are property owners in the same subdivision, from using lots for other than single family residences.

All lots in the subdivision had been platted and sold subject to the following:

"Said premises to be used for resident purposes only and subject to the following restrictions.

"RESTRICTIONS—All lots facing on Stratford and Sussex avenues, the dwellings to cost not less than $3,000. All lots facing on Avon boulevard, Beverly

avenue and Greenfield avenue, the dwellings to cost not less than $5,000. All dwellings built on the above avenues to be set back at least 30 feet from the front lot line."

That restriction was incorporated in the deed from the subdividers to plaintiff's predecessor in title. Later owners of certain lots in the subdivision, including the south 43 feet of 1 of plaintiff's lots but not of the remainder of its lots, agreed to certain restrictions. At another time restrictions were agreed to by some of the property owners in the subdivision, not including, however, the owners of plaintiff's lots. The trial court found the original restrictions and 1 of subsequent sets to be subsisting, in effect as relates to plaintiff's lots, and that use of the lots for multiple dwelling purposes would be violative thereof. For the reasons hereinafter stated, we think the trial court correct as to the original restrictions. That leaves unnecessary for determination the effect of the later restrictions concerning the applicability of which to these lots there may be dispute.

Plaintiff says that in *Schadt* v. *Brill,* 173 Mich 647 (45 LRA NS 726); *Kingston* v. *Busch,* 176 Mich 566; *Wood* v. *Blancke,* 304 Mich 283; *Seeley* v. *Phi Sigma Delta House Corporation,* 245 Mich 252; and *Phillips* v. *Lawler,* 259 Mich 567, this Court has interpreted the terms "dwelling house" or "private dwelling house", when used in restrictive covenants, to mean a single residence for 1 family only, thus excluding multiple housing thereunder. But it points out that in the instant case the term in the restriction is only "dwelling" as distinguished from "dwelling house" and says this Court never has so interpreted that single word to mean a 1-family residence only.

We do not think the restrictions imposed by the owner-subdivider, as above set forth, discloses an

intent, by use of the term "dwellings", to make the permissible use of lots broader than if he has used the term "dwelling house", as done in some of the above cited cases in which construction and use of an apartment house was held to violate the restriction. Furthermore, in *DeGalan* v. *Barak,* 223 Mich 378, while it was held that had the restriction there involved, worded as "exclusively for residence purposes", stopped there, an apartment house would not have offended, nevertheless, because the restriction went on to fix the character of such residence buildings as dwelling houses of not less than 2 stories in height and costing not less than $1,500, a purpose was clearly disclosed to provide a district where lots would have single dwelling houses, and, therefore, an apartment does offend. So here, the subdivider provided that the premises should be for resident purposes only and that dwellings on some streets were to cost not less than $3,000 and on others not less than $5,000 and should be built in accord with certain back-set line. Employing the reasoning in *DeGalan* we cannot but conclude that here, too, a purpose was disclosed to provide a district where lots would have single family houses only.

Plaintiff says that a permissible interpretation here might well be as follows: that the mere language "resident purposes only" would permit apartment houses as said in *DeGalan* and held in *Miller* v. *Ettinger,* 235 Mich 527, and that the succeeding language about minimum cost and building line for dwellings applies only if a single dwelling for 1 family only is built; that if the latter type only were to be permitted there should have been express language saying so. That contention is answered also in *DeGalan* in which the express limitation to "residence purposes" was followed by language which did not expressly say that only dwelling houses were to be erected but, rather, that dwelling

houses erected thereon should not cost less than specified amounts, be not less than 2 stories high or ahead of mentioned back-set line. This contention of plaintiff is, accordingly, invalid.

If distinction is sought to be made between restrictions on use and building restrictions, it is rejected in *Wood* v. *Blancke, supra,* in which we said (p 287) "covenants restricting the erection of any building except for dwelling house purposes have been held to apply to the use as well as to the character of the building."

Because it had purchased title insurance from a company, not made party to this suit, and the guaranty did not apply to the restrictions imposed by the subdivider, which had been discovered, plaintiff, after decree below, sought, by motion for new trial, to have a determination there, as it now seeks here, that if it may not build a multiple dwelling on the lots it is because of the restrictions in the mentioned subsequent agreements between property owners, which the title insurance company had not discovered before issuance of the title insurance and as to which that insurance presumably would apply. This was not pleaded, decided nor urged before decision below, and it is not necessary to decision here. It cannot now be raised and considered against one not a party to this case.

Affirmed. Costs to defendants.

CARR, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.