O'NEAL v. HUTT

1. COVENANTS—RESTRICTIVE COVENANTS—INCIDENTAL USES.

Property restricted by covenant to residential use may be used incidentally to a minor extent for the transaction of some classes of business or the following of some professional pursuits if the latter use is, in fact, casual, infrequent, or unobtrusive and results in neither appreciable damage to neighboring property nor inconvenience, annoyance, or discomfort to neighboring residents.

2. COVENANTS—RESTRICTIVE COVENANT—PROFESSIONAL USE.

A psychologist's consultations with or treatment of patients at his home violated a covenant restricting use of property in that subdivision to residential purposes only, but his consultations or meetings with others for the purpose of planning, doing research for, producing, or writing books, articles or papers for publication or for university seminar purposes fell within the concept of usual, ordinary and incidental use of residential property and did not violate the covenant.

Appeal from Washtenaw, Archie D. McDonald, J. Submitted Division 2 November 13, 1970, at Lansing. (Docket No. 8,432.)   Decided December 2, 1970. Leave to appeal denied March 5, 1971.   384 Mich 813.

Complaint by Russell D. O'Neal and others against Max L. Hutt and his wife to enforce a restrictive covenant.   Judgment for plaintiffs.   Defendants appeal.   Affirmed in part, reversed in part, and remanded.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 20 Am Jur 2d, Covenants, Conditions and Restrictions §§ 192, 197, 221.

*Dobson, Griffin & Barense,* for plaintiffs.

*Douglas K. Reading,* for defendants.

Before: Quinn, P. J., and Danhof and Carroll,*
JJ.

Carroll, J. This case is on appeal from the
Washtenaw County Circuit Court. The parties are
all residents of Ann Arbor and live in the same sub-
division known as Highland Terrace in the City of
Ann Arbor. The plaintiffs brought action to enforce
the following restrictive covenant found in all deeds
to property in Highland Terrace Subdivision:

"The said subdivision known as 'Highland Ter-
race' shall be used and occupied for single residence
purposes only, and nothing shall be done or per-
mitted thereon which shall or may interfere with or
detract from such use and occupation thereof."

It is agreed that the use of the property in liti-
gation is within the subdivision and is subject to
the said restriction.

The complaint alleges in part as follows:

"Thereafter and approximately in September of
1966 said defendant, Max L. Hutt, started using said
residence as a place for observing and consulting
with persons having psychological problems for
treatment and research purposes."

The complaint by amendments further alleged as-
follows:

"Thereafter and approximately in September of
1966 said defendant, Max L. Hutt, started using
said residence as a place for observing and consult-
ing with persons having psychological problems, in-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cluding sexual aberrations, for treatment and research purposes.

"Said use of defendants' premises causes apprehensions to plaintiffs for the safety of their children because of the nature of the ailments of the persons using defendants' premises and the increase of traffic in said neighborhood as a result of said use.

"Said use of defendants' premises is a nuisance to plaintiffs and each of them and causes apprehensions for the safety of their children because of the nature of the ailments of the persons using defendants' premises and the increase of traffic in said neighborhood as a result of said use."

The trial court entered a judgment as follows:

"In this action the trial having regularly come on to be heard without a jury and at the conclusion of the proofs, oral arguments having been made, respective briefs having been theretofore filed during the proceedings herein, and the court being fully advised in the premises and finding as a matter of fact that the use of defendants' residence is subject to the building and use restrictions set forth in a written instrument recorded in Liber 960, Page 51 in the office of the Register of Deeds, Washtenaw County, Michigan, that said residence, in part, is used as an office by defendant Max L. Hutt for consulting with clients or patients and for consulting and meeting with divers persons for planning, researching and writing books, articles and papers for publication or seminar use, all of which is engaged in for the production of income and which produces substantial income to defendants and all of which is in violation of said building and use restrictions, now therefore.

"It is ordered and adjudged that defendants, jointly and severally, shall be and hereby are restrained and enjoined from using those premises, or any part thereof, more particularly described as follows, to wit:

"Lot 9 of Highway Terrace, a subdivision of part of the southwest one-quarter of Section 27, Town 2 South, Range 6 East, City of Ann Arbor, Washtenaw County, Michigan, according to the recorded plat thereof,

"for consulting with clients or patients or for consulting or meeting with any person or persons for the purpose of planning, researching, producing or writing books, articles, or papers for publication or seminar use, for the production of income to defendants or either of them."

Defendants claim that the judgment as entered granted relief beyond that sought in the pleadings. We agree.

Our *de novo* review of this record reveals that defendant Hutt is a clinical psychologist. The Hutt house contains a study with a separate outside entrance. It appears from the testimony that defendant Max L. Hutt is a widely known clinical psychologist, was a member of the faculty at the University of Michigan, is currently on the faculty at the University of Detroit, has served as a consultant to various state and federal agencies and has published approximately 9 books and over 50 articles. He testified that only about 20% to 25% of his income is derived from the private clinical practice. The remainder of his income is derived from investments, writings, lectures, consultations and teaching. The testimony also reveals that in addition to his patients, defendant met at his home with colleagues, graduate students and other parties with whom he was collaborating on articles and research.

Allegations of increased traffic and danger to the neighborhood from patients suffering from psychological disorders is not supported by the testimony. No proof was offered that any of Mr. Hutt's patients suffered from sexual aberrations.

It is stated in *Wood* v. *Blancke* (1943), 304 Mich 283, 288, 289, as follows:

"No clear and definite line can be drawn as to residential use of premises. It is a safe rule that the usual, ordinary and incidental use of property as a place of abode does not violate a covenant restricting such use to 'residence purposes only', but that an unusual and extraordinary use may constitute a violation. Each case must be determined on its own facts."

The Supreme Court cited with approval the following from *Moore* v. *Stevens* (1925), 90 Fla 879, 887 (106 So 901, 904; 43 ALR 1127, 1131):

"Instances are not lacking in which other courts have held or intimated that property restricted to use for residence purposes, so long as it is in good faith used for such, may be also used to a minor extent for the transaction of some classes of business or the following of some professional pursuits so long as the latter use is in fact casual, infrequent or unobtrusive and results in neither appreciable damage to neighboring property nor inconvenience, annoyance, or discomfort to neighboring residents. This view, however, further requires such additional use to be so reasonably incidental to the prescribed use and such a nominal or inconsequential breach of the covenants as to be in substantial harmony with the purpose of the parties in the making of the covenants, and without material injury to the neighborhood."

We agree with the trial court that consultation with or treatment of patients at the Hutt residence is a violation of the "residence use" restriction. However, consulting or meeting with others for the purpose of planning, researching, producing or writing books, articles or papers for publication or seminar use falls within the concept of usual, ordi-

nary and incidental use of residential property, and it does not violate the restriction.

The judgment, therefore, shall be amended to restrain defendants from consulting with or treating patients at the premises involved. All other restraining language set forth in said judgment is hereby set aside and held for naught.

Affirmed in part, reversed in part and remanded for entry of judgment consistent with this opinion. Neither side having prevailed, no costs are awarded.

All concurred.